UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO

CIVIL ACTION NO. 4:06CV-112

STEPHANIE HALL                                                    PLAINTIFF

V.

DAWSON MANUFACTURING COMPANY
and
ROBERT RAYSIN                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Robert Raysin's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). This action alleging sexual harassment in the workplace was brought pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. §2000(e), et. seq., (DN 1, Original Complaint, ¶ 2) and the Kentucky Civil Rights Act, KRS 344.010, et seq., (DN 4, Amended Complaint, ¶ 11). In his motion, the Defendant argues that he is not a proper defendant in this action because individuals cannot be held personally liable under the aforementioned statutes. (DN 14, Attach. 1). Being sufficiently advised, and for the following reasons, the Court **GRANTS** Defendant Raysin's motion to dismiss.

## DISCUSSION

### A. The Civil Rights Acts

Plaintiff Stephanie Hall has brought this action against Dawson Manufacturing Company ("Dawson"), her employer, and Robert Raysin ("Raysin"), her alleged manager at Dawson Manufacturing, for violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000(e) et. seq., and the Kentucky Civil Rights Act, KRS 344.010, et seq. In her Complaint, the Plaintiff alleges that, as an employee at Dawson, she was continually subjected to sexually suggestive and derogatory

comments and to improper physical, sexual contacts by the Defendant Raysin. (DN 4, Amended Complaint, ¶ 2).  Defendant Raysin argues that he should be dismissed from this lawsuit because an individual cannot be held personally liable under either Title VII of the federal Civil Rights Act or Chapter 344 of the Kentucky Civil Rights Act.

In Wathen v. GE, the Sixth Circuit held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII. 115 F.3d 400, 405 (6th Cir. 1997).  The Court held that even though Title VII defines an employer as  "a person engaged in an industry affecting commerce who has fifteen or more persons...and any agent of such person,"42 U.S.C. §2000(e)(b), Congress did not intend to provide for individual employee/supervisor liability under Title VII.  Wathen, 115 F.3d at 405.  The Court further stated that its holding as to Title VII was equally applicable to KRS Chapter 344 because the two statutes mirror one another. Id.

Thus, here, although Defendant Raysin is an alleged supervisor at Dawson, he is not an employer under either Title VII of the federal Civil Rights Act or Chapter 344 of  Kentucky Civil Rights Act, and therefore he cannot be held liable for his conduct under either.

## B.  Tort of Outrage

In her response, the Plaintiff argues that even though Raysin may not be held personally liable under either KRS Chapter 344 or Title VII, he can be held personally liable for his actions under the "tort of outrage." (DN 15).  However, because the Plaintiff did not specifically allege a violation of this tort in either her original or amended complaint, (DN 1, 4), the Defendant has not had an opportunity to address the initial merits of this claim.  Accordingly, the Court makes no ruling as to this claim at this time, but will allow the Plaintiff to file an amended complaint if she seeks to bring a claim for this tort against the Defendant.

**CONCLUSION**

For the foregoing reasons,  **IT IS HEREBY ORDERED** that Defendant Raysin's motion to dismiss the Plaintiff's claims against Raysin brought pursuant to Title VII of the Civil Rights of 1964, 42 U.S.C. §2000(e), et. seq., and the Kentucky Civil Rights Act,  KRS 344.010, et seq., is **GRANTED**, but the Plaintiff is granted to leave to file an amended complaint against Raysin regarding the "tort of outrage."

cc: Counsel of Record